IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DARLENE D. WINN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 18-2131-DDC |
| LAKEVIEW VILLAGE, | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

The pro se plaintiff, Darlene D. Winn, has moved to proceed with this action *in forma pauperis* (ECF No. 3). The undersigned U.S. Magistrate Judge, James P. O'Hara, respectfully recommends that the motion be denied.

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."[1] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[2] "One need not be 'absolutely destitute' to proceed [*in forma pauperis*], but [*in forma pauperis*] need not be granted where one can pay or give security for the costs 'and still be able to provide

---

[1] 28 U.S.C. § 1915(a)(1).

[2] *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *United States v. Garcia*, 164 Fed. App'x 785, 786 n.1 (10th Cir. Jan. 26, 2006).

[her]self and dependents with the necessities of life.'"[3]  "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right─fundamental or otherwise.'"[4]  The decision to grant or deny *in forma pauperis* status under § 1915 lies within the "wide discretion" of the trial court.[5]

Plaintiff's affidavit of financial status indicates that although her income is "not large, it allow[s] her some discretionary spending money."[6]  Plaintiff is employed and earns a net income of approximately $1,700 a month.  Plaintiff's monthly expenses are not excessive, totaling about $1,155.  Plaintiff indicates she has no other monthly debts or miscellaneous expenses.  Although plaintiff separately identifies two dependents, both are of majority age.

Based on this information, the undersigned concludes that plaintiff has sufficient financial resources to pay the court's filing fees.  Accordingly, pursuant to *Lister v. Dept. of Treasury*,[7] the undersigned hereby issues this report and recommendation to the

---

[3]*Lewis v. Center Market*, 378 F. App'x 780, 785 (10th Cir. 2010) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

[4]*Green v. Suthers*, No. 99-1447, 208 F.3d 226 (table), 2000 WL 309268, at *2 (10th Cir. Mar. 27, 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[5]*Garcia*, 164 Fed. App'x at 786 n.1.  *See also Lister*, 408 F.3d at 1312 ("[W]e review the district court's denial of IFP status for an abuse of discretion.").

[6]*Lewis*, 378 F. App'x at 785.

[7]408 F.3d at 1312 (holding that because denial of *in forma pauperis* is a dispositive decision, the magistrate judge should issue a report and recommendation to the district judge rather than deciding the issue outright).

presiding U.S. District Judge, Daniel D. Crabtree, that plaintiff's motion to proceed *in forma pauperis* be denied and that plaintiff be permitted to pay the requisite filing fee in three equal monthly installments. If plaintiff does not pay the fee, the undersigned recommends that this case be dismissed without prejudice.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If plaintiff does not timely file her objections, no court will allow appellate review.

IT IS SO ORDERED.

Dated March 27, 2018, at Kansas City, Kansas.

                                                    s/ James P. O'Hara  
                                                    James P. O'Hara  
                                                    U. S. Magistrate Judge